FILED
DEC - 8 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  S1-4:21 CR 00580 AGF DDN |
| ) | |
| KEVIN CUNNINGHAM, and ) | |
| MICAH GORDON, a/k/a "Mikah Bey", ) | |
| ) | |
| Defendants. | |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at a time unknown, and continuing up to and including on or about October 13, 2021, in St. Louis County, Missouri and elsewhere, within the Eastern District of Missouri,

**KEVIN CUNNINGHAM, and
MICAH GORDON, a/k/a "Mikah Bey"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together with each other and with other person(s) known and unknown to the Grand Jury to commit the following offense against the United States: to knowingly and intentionally use any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of the State of Missouri as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, in violation of Title 18, United States Code, Sections 2 and 1958(a) and punishable under Title 18, United States Code, Sections 2 and 1958(a), and did in furtherance thereof commit the following overt acts:

1. Prior to October 5, 2021, a confidential Source ("CS#1") working with the Drug Enforcement Agency ("DEA") was contacted by phone by an individual known as Victor Manuel CORRAL-NUNEZ, known to be a member of a Mexico-based drug trafficking organization. CORRAL-NUNEZ informed CS#1 that he (CORRAL-NUNEZ) wanted to enlist CS#1 to collect a drug debt from a person in St. Louis, Missouri.

2. On October 5, 2021, CORRAL-NUNEZ provided CS#1 a telephone number in order to contact an unknown female in Mexico in order to obtain more information and to coordinate the job.

3. On October 5, 2021, CS#1 contacted the telephone number for the unknown female (hereinafter "UF"). The UF explained that an individual living in St. Louis, Missouri owed a large drug-related debt to the UF's associate, who also lived in St. Louis. The UF referred to her associate as "my 'Black Man.'" "Black Man" was later identified as Kevin CUNNINGHAM.

4. Using coded language, the UF explained that "Black Man" needs assistance in making this indebted individual (hereinafter "D.H.") disappear. The UF explained that D.H.'s failure to pay "Black Man" is a problem for her (UF). The UF explained that "Black Man" would pay money in exchange for getting rid of D.H., stating the "Black Man" would pay "each of them $5,000."

5. The UF provided CS#1 a telephone number, 314-295-5976, for the CS#1 to contact "Black Man." This telephone number is serviced by AT&T.

6. Later that same date, October 5, 2021, CS#1 called 314-295-5976. CUNNINGHAM answered the call. CS#1 had a conversation with CUNNINGHAM with the assistance of

a Spanish-speaking interpreter on CUNNINGHAM's end.

7. Using coded language, CUNNINGHAM and CS#1 discussed CUNNINGHAM's desire to have CS#1 kidnap D.H., obtain whatever money he/she can from D.H., and make D.H. disappear.

8. Using coded language, CUNNINGHAM informed CS#1 that he would provide CS#1 "toys" for the job. "Toys" are coded language for firearms.

9. CUNNINGHAM identified himself on this call, through the translator, as "Kevin."

10. CS#1 traveled to St. Louis, Missouri in the days following this telephone call. On October 13, 2021, CS#1 and an additional confidential source, CS#2, met with "Kevin" at a location in St. Louis County, within the Eastern District of Missouri. This meeting was coordinated through the use of telephone number 314-295-5976. CS#1 was equipped with an audio and video recording device and was being monitored by law enforcement during the meeting.

11. When CS#1 and CS#2 met with CUNNINGHAM, CUNNINGHAM was accompanied by Micah GORDON. CUNNINGHAM spoke to CS#1 and CS#2 in GORDON's presence. CUNNINGHAM again discussed with CS#1 the debt D.H. owed to CUNNINGHAM. CUNNINGHAM stated he wanted D.H. picked up and for CS#1 and CS#2 to get rid of him. CUNNINGHAM again indicated he wanted CS#1 and CS#2 to get whatever money they could out of D.H. Additionally, GORDON was actively participating in the conversation with regard to "getting rid" of D.H.

12. CUNNINGHAM advised that he has a location where he wanted CS#1 and CS#2 to take D.H. CUNNINGHAM stated he would meet CS#1 and CS#2 later to get them the "toys,"

information about D.H.'s identity, and identify where D.H. lived. GORDON told CS#1 and CS#2 that they (GORDON and CUNNINGHAM) would provide the "toys" to CS#1 and CS#2. GORDON was present for the entire conversation.

13. Later on October 13, 2021, CS#1 and CS#2 placed a phone call to 314-295-5976 and asked CUNNINGHAM to text a picture of D.H. and his/her address. CS#1 and CS#2 received a text response from a new number, (314)-465-9492, consisting of a picture of D.H. and his/her address. This new number was the cellular device for GORDON, and is serviced by T-MOBILE.

14. Later on October 13, 2021, CS#1 and CS#2 called CUNNINGHAM and advised they were ready to meet. CS#1 and CS#2 met CUNNINGHAM and GORDON at a location in St. Louis County. CUNNINGHAM handed CS#2 approximately $600 U.S. Currency, stating it was for "supplies." GORDON handed CS#2 a bundle of items. GORDON advised CS#2 to buy flashlights. The bundle of items consisted of four (4) firearms, including a loaded Ruger .45 caliber pistol, an unloaded 1911 style .45 caliber pistol of unknown make, a loaded 9mm AR-15 style pistol with a 50 round drum magazine, and an unloaded semi-automatic 12-gauge shotgun.

## COUNT II

The Grand Jury further charges that:

On or about October 13, 2021, in the County of St. Louis, Missouri and within the Eastern District of Missouri,

**KEVIN CUNNINGHAM, and
MICAH GORDON, a/k/a "Mikah Bey"**

the defendants herein, acting together and with others known and unknown, did knowingly possess one or more firearms in furtherance of the commission of a drug trafficking crime which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess, with the intent to distribute, controlled substances, including but not limited to fentanyl, a Schedule II controlled substance, in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) & 924 and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1958, as set forth in Count I, the defendant(s) shall forfeit to the United States of America any property, real or personal, which constitutes or derived from proceeds traceable to such offense, and also any firearm or ammunition involved in or used in such offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or derived from proceeds traceable to such offense, for

offenses charged in Count I.

3. Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A) as set forth in Count II, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said violation.

4. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. Ruger .45 caliber pistol;

    b. 1911 style, .45 caliber pistol of unknown make;

    c. 9mm AR-15 style pistol with a 50 round drum magazine; and

    d. Semi-automatic 12-gauge shotgun.

5. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
GEOFFREY S. OGDEN, #66930MO
Assistant United States Attorney