UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. S1-4:21CR00580AGF(DDN) |
| MICAH GORDON, | ) ) ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge David D. Noce under 28 U.S.C. § 636(b). Defendant and co-Defendant Kevin Cunningham are charged in a superseding indictment with conspiracy to use a facility of interstate commerce to commit murder, in violation of 18 U.S.C. §§ 2 and 1958(a) (Count I); and with possessing a firearm in furtherance of the drug trafficking crime, namely, conspiracy to possess fentanyl with the intent to distribute, in violation of 18 U.S.C. § 924(c)(1)(A).

In addition to two motions to suppress evidence, Defendant filed five motions that did not require the presentation of evidence, and as to which the parties presented no evidence: a motion to sever (Doc. No. 81); motion to compel the production of certain discovery, namely, audio and video recordings (Doc. No. 84); motion to dismiss Count I (Doc. No. 85); motion to compel the early production of *Jencks* materials (Doc. No. 86); and motion to disclose the identity of confidential sources (Doc. No. 87). The Magistrate Judge issued an Order and Recommendation ("O&R") with respect to the non-evidentiary motions (Doc. No. 102), which is currently before this Court. The

Magistrate Judge scheduled an evidentiary hearing with respect to the motions to suppress, which is the subject of a separate Report and Recommendation.

In the O&R, Judge Noce recommended that the motions to sever and to dismiss be denied. He also ordered that the request for early production of *Jencks* materials be denied, based on the government's agreement to produce *Jencks* materials the Friday before trial. As the government had agreed to disclose the audio and video recordings and the identity of confidential sources, subject to a protective order, Judge Noce granted those motions, and separately entered a protective order. (Doc. No. 101). After the O&R was issued, co-Defendant Cunningham entered a plea of guilty and has since been sentenced.

Defendant filed objections to the O&R. (Doc. No. 107). In light of the plea of co-Defendant Cunningham, Defendant acknowledged that the motion to sever was moot. Defendant further acknowledged that no further action was required with respect to the motion to compel the audio and video recordings and information regarding confidential sources. Defendant objects to the Magistrate Judge's recommendation that the motion to dismiss Count I be denied, and his order denying early disclosure of *Jencks* materials. The government filed a response to the objections.

When a party objects to a Report and Recommendation in a criminal case, the court is required to make a *de novo* review determination of those portions of the record or specified proposed findings to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court conducted a *de novo* review of the motion to dismiss and motion for early production of

2

*Jencks*.  Based on that review, the undersigned concludes that the Magistrate Judge made proper findings and correctly analyzed the issues.

**Motion to Dismiss**

In his objections, Defendant reasserts the same arguments made before the Magistrate Judge.  Defendant contends that there is no legitimate interstate nexus.  He does not dispute any of the facts on which Judge Noce relies, nor does he dispute that a charge under 18 U.S.C. § 1958(a) may be met by the use "of any facility of interstate or foreign commerce, with intent that a murder be committed. . . ."  Rather, he contends that the government "manufactured federal jurisdiction."  Defendant again relies solely on *United States v. Coats*, 949 F.2d 104 (4th Cir. 1991), in support of his claim.

Defendant's argument is not supported by either the facts or the law, and the Court rejects it for the same reasons set forth in the O&R.  As the Magistrate Judge correctly noted, "[i]t is well-established that telephones, even when used intrastate, are instrumentalities of interstate commerce." *United States v. Corum*, 362 F.3d 489, 493 (8th Cir. 2004).  For this reason, alone, Defendant's objection fails.  Moreover, even assuming the concept of manufactured federal jurisdiction were adopted by the Eighth Circuit, it would have no application here.  The opinion in *Coates* is plainly distinguishable.  Here there is no evidence that the informant and government agent crossed state lines to make calls solely to create federal jurisdiction.  Rather, the superseding indictment alleges, and Defendant does not in connection with this motion dispute, that a known member of a Mexico-based drug trafficking organization contacted the confidential source indicating he wanted help to collect a drug debt from a person in

St. Louis, and that individual gave the confidential source a telephone number to contact an unknown female in Mexico to get more information and coordinate the job. The source then contacted that number and the female explained in coded language that her associate, later identified as co-Defendant Cunningham, was owed a large drug-related debt by an individual and needed assistance making that individual disappear. She provided the telephone number at which to contact co-defendant Cunningham. (Doc. No. 56, at 2-3). The conversations with the co-conspirators that thereafter transpired over a cellular telephone were, as the Magistrate Judge noted, "a natural and predictable" consequence. For these reasons, and the reasons more fully stated in the O&R, Defendant's motion to dismiss will be denied.

### *Jencks* Motion

The Court also adopts the O&R regarding the production of *Jencks* materials. The government has agreed to produce all *Jencks* materials no later than the Friday before trial. Neither in his motion nor his objections has Defendant provided any basis for finding that the production of *Jencks* materials the Friday before trial will not allow sufficient time to prepare. He simply asserts that the trial may well take over a week – which itself does not justify an order requiring earlier production. Moreover, the Court notes that disclosure of the identity of confidential sources, of audio recordings to and from the confidential sources (including calls with Defendant), and of recordings of video surveillance of meetings between Defendant, Cunningham and the confidential sources, has already been ordered.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of the United States Magistrate Judge [Doc. No. 102] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation [Doc. No. 107] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count I of the Superseding Indictment [Doc. No. 85] and Motion for Early Disclosure of All Jencks Act Material (Doc. No. 86] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever [Doc. No. 81] is **DENIED as moot**.

A final pretrial conference will be scheduled by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2022.

5