UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13 CR 171 CDP |
| | ) | |
| MICAH GORDON, | ) | |
| | ) | |
| Defendant; | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CR 485 AGF |
| | ) | |
| MICAH GORDON, | ) | |
| | ) | |
| Defendant; | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CR 580 AGF-2 |
| | ) | |
| MICAH GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Micah Gordon was indicted, convicted, and sentenced in three separate criminal cases, which are listed in the caption above.  On October 6, 2025,

Gordon filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), but he did not include a case number on the motion.  The Clerk of Court filed and docketed the motion in Case No. 4:13CR171, which is a case I presided over for Gordon's supervised release violations.  Gordon is no longer in custody on the sentence imposed in that case, however, given that he completed that sentence long ago.[i]  Gordon remains in custody on the sentences imposed in Case Nos. 4:19CR485 and 4:21CR580,[ii] and it is those sentences that he seeks to reduce.  (*See* ECF 116, Mot. at p. 2, referring to 60- and 18-month sentences.)  Because no extraordinary and compelling circumstances warrant a reduction in Gordon's sentence, I will deny the motion.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), sentence reduction may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i). Gordon has failed to show that such extraordinary and compelling reasons exist here.

First, Gordon asserts that he is entitled to a reduced sentence under "Presidential Executive Order 13798," which was a policy pronouncement entered in May 2017 for "Promoting Free Speech and Religious Liberty."  Nothing in that Executive Order provides a basis for sentence reduction under § 3582(c).  Gordon's request for a sentence reduction under Executive Order 13798 is denied.

Gordon also asserts that his medical condition warrants compassionate release and, further, that he has increased risk of suffering severe medical complications or death from exposure to an ongoing disease outbreak or public health emergency at his correctional facility.  Gordon does not identify in his motion the medical condition(s) that give rise to his claim.  In apparent support of his assertions, but without explanation, Gordon has submitted more than 270 pages of his Bureau of Prisons medical file dating from June 2015 to June 2025.  The records comprise notes of several routine medical examinations with generally unremarkable results as well as notes of treatment for hypertension, currently controlled without medication; flat feet, treated with orthopedic shoes; mild spinal stenosis, for which he is prescribed range-of-motion exercises; and history of migraine headache, treated with medication as needed.  Nothing in Gordon's medical records establishes that he suffers from a qualifying physical, medical, cognitive, or mental condition that would constitute an extraordinary and compelling reason to reduce his sentence.  *See* U.S.S.G. § 1B1.13(b)(1).  Nor is there any evidence of disease outbreak or public health emergency at his correctional facility.  Regardless, as described above, Gordon's documented health conditions would not put him at risk of severe complications or death if there was such an event.

Upon consideration of Gordon's claims, as well as all the sentencing factors listed in 18 U.S.C. § 3553(a), there are no extraordinary and compelling reasons in the present circumstances that warrant a reduced sentence under § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Micah Gordon's Motion for Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), docketed at ECF 116 in Case No. 4:13CR171 CDP, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this Memorandum and Order in Case No. 4:19CR485 AGF and Case No. 4:21CR580 AGF.

**IT IS FURTHER ORDERED** that, as defendant has completed the sentence imposed in Case No. 4:13CR171 CDP, the Clerk shall not file or docket any future filings from defendant in Case No. 4:13CR171 CDP.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2026.

---

[i] The case was originally assigned to Judge Ross, before whom Gordon pleaded guilty and who sentenced Gordon on December 19, 2013, to 51 months' imprisonment with a 3-year term of supervised release.  The case was transferred to me in July 2019 for proceedings on Gordon's supervised release violations.  On April 16, 2020, I sentenced Gordon to 21 months' imprisonment for violating the terms of supervised release, with that sentence to be served concurrently with a separate sentence imposed in Case No. 4:19CR485.  No additional term of supervised release was imposed in Case No. 4:13CR171.

[ii] Those sentences comprise a 60-month term of imprisonment in Case No. 4:21CR580 imposed on June 2, 2023, and a consecutive term of 18 months' imprisonment imposed that same date in Case No. 4:19CR485 for supervised release violations.